599 P.2d 254

**In the Matter of the Appeal in MARICO-PA COUNTY, JUVENILE ACTION NO. J–85638.**

**No. 1 CA–JUV 97.**

Court of Appeals of Arizona,
Division 1,
Department A.

July 26, 1979.

Review Denied Sept. 11, 1979.

Ross P. Lee, Maricopa County Public Defender by Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

Charles F. Hyder, Maricopa County Atty. by Nancy L. Hinchcliffe, Deputy County Atty., Phoenix, for appellee.

OPINION

FROEB, Judge.

Appellant was adjudicated delinquent and, at a later disposition hearing, was found mentally ill. Commitment to the Arizona State Hospital (state hospital) resulted by order of the juvenile court which stated:

> IT IS ORDERED that [appellant] be committed to the Arizona State Hospital for treatment.
>
> FURTHER ORDERED Arizona State Hospital shall not release [appellant] except upon specific order of this Court which includes passes.
>
> FURTHER ORDERED the Arizona State Hospital shall treat [appellant] in a maximum security setting with intensive constant psychiatric therapy.

FURTHER ORDERED THAT the Arizona State Hospital shall provide the Juvenile Court Center with monthly reports on the treatment of [appellant].

During his commitment at the state hospital, further evaluations were made of appellant. After two doctors indicated that appellant was not mentally ill and placement at the state hospital was not appropriate, the State moved for a change of custody hearing.

The court determined from the testimony that appellant was not mentally ill and that, therefore, commitment at the state hospital was not authorized. At a subsequent hearing, the court ordered that appellant be committed to the State Department of Corrections, pursuant to § 8–241 A.2.[1] The court stated:

THE COURT FINDS that [appellant] is not now commitable [sic] to an institution for the mentally ill, mentally defective or mentally deficient.

IT IS ORDERED that [appellant] be committed to the State Department of Corrections for suitable, institutional placement until he reaches the age of 21 years or until he is sooner released in accordance with law.

This appeal is taken from the order committing appellant to the department of corrections. Appellant's argument is that the juvenile court lost jurisdiction over him when it entered its order committing him to the state hospital. He contends that an A.R.S. § 8–242 B[2] disposition "necessarily prevents the juvenile court from entertaining any subsequent disposition under the auspices of A.R.S. § 8–241 . . . [and] prevents any modification or subsequent order committing that juvenile to the State Department of Corrections." Appellant cites no authority in support of this argument.

A.R.S. § 8–246 A suggests that the jurisdiction of the juvenile court is not so ephemeral:

*When jurisdiction has been acquired by the juvenile court of a child, the child shall continue under the jurisdiction of the juvenile court until such child becomes twenty-one years of age,* unless sooner discharged pursuant to law. From the time of commitment to the department of corrections, a child shall be subject to the control of the department of corrections until such child's absolute discharge.

(Emphasis added). A commitment of a juvenile to an institution for the mentally ill in accordance with § 8–242 B is not inherently inconsistent with retention of jurisdiction by the juvenile court; further, there is no language in § 8–242 B which makes it so. By its nature, a mental commitment may be temporary. During the period of commitment, immediate control of a juvenile is given over to the institution for the mentally ill, but this is not to say that the juvenile court is deprived of jurisdiction. *See Ginn v. Superior Court,* 3 Ariz.App. 240, 413 P.2d 571 (1966). When it appears that a juvenile

---

1. § 8–241 A.2 reads:

After receiving and considering the evidence on the proper disposition of the case, the court may enter judgment as follows:

\* \* \* \* \* \*

2. It may award a delinquent child:

(a) To the care of his parents, subject to supervision of a probation department.

(b) To a probation department, subject to such conditions as the court may impose.

(c) To a reputable citizen of good moral character, subject to the supervision of a probation department.

(d) To a private agency or institution, subject to the supervision of a probation officer.

(e) To the department of corrections without further directions as to placement by that department.

(f) To maternal or paternal relatives, subject to the supervision of a probation department.

2. § 8–242 B, as it read at all times pertinent to this case, stated:

If it appears from the study and the report that the child is mentally ill or mentally retarded, the juvenile court shall hear the matter, and if the child is found to be committable under the laws of this state the juvenile court shall order the child committed to the appropriate institution for the mentally ill or mentally retarded.

committed to an institution for the mentally ill was not or is no longer mentally ill, we hold that it is within the authority of the juvenile court to vacate the commitment and enter a disposition of the juvenile in accordance with A.R.S. § 8–241.

We need not address appellant's argument that the juvenile court, in its order committing him to the state hospital, improperly reserved the power to make a § 8–241 disposition, as we have already determined that the juvenile court acted within its jurisdiction.

Affirmed.

WREN, P. J., Department A; and DONOFRIO, J., concur.